UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DANIELS,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN APONTE, et al.,<br><br>    Defendants. | Case No. 21-cv-03794-RMI<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE THE CASE** |

Plaintiff, a detainee proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). In order to state a claim, although a

complaint does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient; instead, the factual allegations must be enough to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has recently explained this standard as such: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that he was improperly arrested and subject to excessive force. An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983). Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham*, 490 U.S. at 394-95.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable searches and seizures if the complaint alleges that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 n.1. (9th Cir. 2015) (absence of

probable cause is essential element of a § 1983 false arrest claim). Further, a claim of unlawful detention or imprisonment is cognizable under § 1983 for violation of the Fourteenth Amendment's guarantee of due process if the arrest was without probable cause or other justification and the defendant knew or should have known that plaintiff was entitled to release. *See Baker v. McCollan*, 443 U.S. 137, 142-145 (1979); *Lee v. Cty. of Los Angeles*, 250 F.3d 668, 684-85 (9th Cir. 2001) (plaintiff stated due process claim where police allegedly arrested plaintiff's son without probable cause, detained him without verifying that he was the person for whom police had an arrest warrant, despite his obvious mental incapacity, and detained him for one day before an extradition hearing, which led to his incarceration in another state for two years); *cf. Gant v. Cty. of Los Angeles*, 772 F.3d 608, 619, 621-22 (9th Cir. 2014) (because plaintiff did not inform defendants of his mistaken identity and because he received a prompt hearing, his due process claim based on unlawful post-arrest detention failed).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under § 1983, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Consequently, such a claim for damages, that is, one bearing such a relationship to a conviction or sentence that has not been so invalidated, is not cognizable under § 1983. *Id*. at 487.

In a different context, in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for deferred accrual [of the statute of limitations] is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id*. at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The *Heck* rule delays accrual of the limitations period only if there is an existing conviction on the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is when the plaintiff's confinement is no longer without legal process, but rather becomes a confinement pursuant to legal process, for example, when he or she is bound over by a judge or

3

arraigned on charges. *Id*. at 389-90. Although the Court was only considering when the statute of limitations began running on a false arrest or false imprisonment claim, the discussion quoted suggests that *Heck* does not apply if there is no extant conviction – for instance, if a plaintiff has only been arrested or charged.

Accordingly, if a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id*. at 393-94. If the plaintiff is thereafter convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id*. at 394.

The original complaint was dismissed with leave to amend to provide more information. The Court noted that Plaintiff was in jail and if he was in custody related to this arrest, he could not obtain money damages unless the charges were dropped, or the conviction expunged. If the prosecution was ongoing, the case must be stayed until the criminal case concluded. In the amended complaint Plaintiff clarifies that he is currently being prosecuted for this incident and he requests a stay.

## CONCLUSION

For the foregoing reasons, this action is **STAYED**. Within **twenty-eight (28) days** of the date on which he is acquitted, convicted, or charges are dismissed, Plaintiff must file a motion to lift the stay. If Plaintiff is convicted and if the claim would impugn that conviction, the action will be dismissed; otherwise, his claim may then proceed. In light of the stay, Plaintiff should not file any more documents in this action until the criminal proceedings have concluded. The Clerk shall **ADMINISTRATIVELY CLOSE** the case.

**IT IS SO ORDERED.**

Dated: August 18, 2021

ROBERT M. ILLMAN
United States Magistrate Judge