UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DANIELS,<br><br>          Plaintiff,<br><br>     v.<br><br>STEVEN APONTE, et al.,<br><br>          Defendants. | Case No. 21-cv-03794-RMI<br><br>**ORDER LIFTING STAY, REOPENING CASE, AND DIRECTING SERVICE**<br><br>Re: Dkt. No. 19 |

Plaintiff, a former detainee proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that police officer used excessive force during his unlawful arrest. The court stayed the case pursuant to *Wallace v. Kato*, 549 U.S. 384, 393 (2007), until Plaintiff's criminal case arising from the events alleged in the complaint ended. Plaintiff has filed a motion to reopen the case and to serve Defendants.

**LEGAL STANDARDS**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon

1   which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although a

2   complaint "does not need detailed factual allegations" in order to state a claim, "a plaintiff's

3   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

4   conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .

5   [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell*

6   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must

7   proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United

8   States Supreme Court has explained the "plausible on its face" standard of *Twombly* as follows:

9   "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by

10  factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should

11  assume their veracity and then determine whether they plausibly give rise to an entitlement to

12  relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

14  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

15  alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,

16  487 U.S. 42, 48 (1988).

### DISCUSSION

18      Plaintiff alleges that he was improperly arrested due to racial profiling and subject to

19  excessive force. An allegation of the use of excessive force by a law enforcement officer in

20  effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of*

21  *Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*,

22  490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018)

23  (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury

24  enough to support a legally cognizable claim under § 1983). Excessive force claims which arise in

25  the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth

26  Amendment reasonableness standard. *See Graham*, 490 U.S. at 394-95.

27      A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth

28  Amendment's prohibition against unreasonable searches and seizures if the complaint alleges that

the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 n.1. (9th Cir. 2015) (absence of probable cause is essential element of a § 1983 false arrest claim). Further, a claim of unlawful detention or imprisonment is cognizable under § 1983 for violation of the Fourteenth Amendment's guarantee of due process if the arrest was without probable cause or other justification and the defendant knew or should have known that plaintiff was entitled to release. *See Baker v. McCollan*, 443 U.S. 137, 142-145 (1979); *Lee v. Cty. of Los Angeles*, 250 F.3d 668, 684-85 (9th Cir. 2001) (plaintiff stated due process claim where police allegedly arrested plaintiff's son without probable cause, detained him without verifying that he was the person for whom police had an arrest warrant, despite his obvious mental incapacity, and detained him for one day before an extradition hearing, which led to his incarceration in another state for two years); *cf. Gant v. Cty. of Los Angeles*, 772 F.3d 608, 619, 621-22 (9th Cir. 2014) (because plaintiff did not inform defendants of his mistaken identity and because he received a prompt hearing, his due process claim based on unlawful post-arrest detention failed).

Plaintiff states that he was riding his bicycle down the street when the Defendant police officers racially profiled him and pulled alongside of him in a patrol car and told him to stop. Plaintiff did not stop, because he did nothing wrong, and kept riding. Plaintiff states that Defendant Officer Aponte struck Plaintiff with his patrol car causing an accident and injuries. Defendant Officer Cristancho then knocked Plaintiff down and got on top of Plaintiff pressing his knees into Plaintiff further injuring him.

Plaintiff states that the criminal prosecution ended and he was convicted of 18 U.S.C. § 922(g), being a felon in possession of a firearm. Liberally construed for purposes of screening, Plaintiff states a claims against these Defendants for unlawful arrest and excessive force.[1]

Plaintiff has also filed a motion to appoint counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although

---

[1] While one or both of these claims may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Plaintiff has stated cognizable claims for screening purposes and Defendants may file a motion addressing the issue.

3

district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately, and the issues are not complex. It is too early for the court to determine the likelihood of success on the merits; therefore, the motion to appoint counsel is denied without prejudice and Plaintiff may refile the motion at a later date.

## CONCLUSION

The motion to appoint counsel (dkt. 19) is **DENIED** without prejudice and the motion to reopen (dkt. 19) is **GRANTED** and the stay is lifted, and this case is **REOPENED**. The court orders service on Defendants through the United States Marshal as follows:

The Clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the amended complaint (dkt. 14) with attachments, copies of this order and the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination on San Jose Police Officers Steven Aponte and Alexander F. Cristancho. The Clerk is also requested to serve a copy of this order on Plaintiff.

In order to expedite the resolution of this case, the court orders as follows:

Within **twenty-eight days** of service, Defendants shall file a magistrate judge jurisdictional consent or declination of consent form. No later than **sixty days** from the date of service, Defendants shall file their motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports

1  stemming from the events at issue. If Defendants are of the opinion that this case cannot be
2  resolved by such a motion, they shall so inform the court prior to the date that such motion is due.
3  Moreover, all papers filed with the court shall be promptly served on Plaintiff.

4      At the time the dispositive motion is served, Defendants shall also serve, on a separate
5  paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th
6  Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003); *see Woods v.
7  Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given
8  at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not
9  earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

10     Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and
11 served upon Defendants no later than **thirty days** from the date the motion is served upon him.
12 Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is
13 provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409,
14 411-12 (9th Cir. 1988).

15     If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust
16 his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take
17 note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided
18 to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

19     If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the
20 opposition is served.  The motion shall be deemed submitted as of the date the reply brief is due.
21 No hearing will be held on the motion unless the court so orders at a later date.  All
22 communications by Plaintiff with the court must be served on Defendants, or Defendants' counsel,
23 if and when counsel has been designated, by mailing a true copy of the document to Defendants or
24 Defendants' counsel.

25     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No
26 further court order is required before the parties may conduct discovery.

27     Finally, it is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
28 informed of any change of address by filing a separate paper with the clerk headed "Notice of

1  Change of Address." He also must comply with the court's orders in a timely fashion. Failure to
2  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
3  Civil Procedure 41(b).
4      **IT IS SO ORDERED.**
5  Dated: July 17, 2025

                                                ROBERT M. ILLMAN
                                                United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.